UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDON GUEVARA-PONTIFES,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:20-cv-00652-MMD-WGC

ORDER

Petitioner Brandon Guevara-Pontifes brings this habeas corpus action under 28 U.S.C. § 2254. Before the Court are Petitioner's petition for a writ of habeas corpus (ECF No. 1-1) and a motion for appointment of counsel (ECF No. 1-2). Although Petitioner has paid the filing fee, he is unable to afford counsel. The Court may provide representation for any financially eligible person seeking relief under § 2254 when the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B). The issues that Petitioner presents would benefit from appointment of counsel. Moreover, Petitioner is facing a lengthy aggregate sentence of life imprisonment with eligibility for parole starting after 18 years. Bearing these considerations in mind, the Court will appoint counsel for Petitioner.

The Clerk of the Court is directed to file the petition for a writ of habeas corpus and the motion for appointment of counsel. (ECF Nos. 1-1, 1-2.)

It further is ordered that Petitioner's motion for appointment of counsel (ECF No. 1-2) is granted. Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender is appointed provisionally as counsel for Petitioner. The Federal Public Defender will have 30 days from the date of entry of this order either to undertake representation of Petitioner or to indicate to the Court the office's inability to represent Petitioner. If the Federal Public Defender is unable

to represent Petitioner, then the Court will appoint alternate counsel, subject again to establishment of financial eligibility. The Court will set a deadline for filing of an amended petition or a motion seeking other relief after counsel has appeared. The Court does not signify any implied finding of tolling during any time-period established or any extension granted. Petitioner always remains responsible for calculating the limitation period of 28 U.S.C. § 2244(d)(1) and timely presenting claims. The Court makes no representation that the petition, any amendments to the petition, and any claims in the petition or amendments are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is further directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It further is ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further ordered by the Court.

The Clerk of Court is further directed to provide copies of this order and all prior filings to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

It further is ordered that, notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 29th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE