1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDON GUEVARA-PONTIFES,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:20-cv-00652-ART-CSD

ORDER

## I.   SUMMARY

Petitioner Brandon Guevara-Pontifes filed a First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 18) ("petition"). Respondents moved to dismiss the petition, contending, among other things, that Grounds 2(A) and 2(C) are unexhausted. (ECF No 25 at 6–8.) Guevara-Pontifes, in turn, has filed a motion to stay the case while he returns to state court to exhaust Grounds 2(A) and 2(C). (ECF No. 44.) He also seeks a stay so he can present to the state courts additional evidence (ECF No. 19) that post-conviction counsel failed to present to the state courts when the claims in Grounds 2(B), 2(D), and 2(E), were exhausted in state postconviction proceedings. (*Id.*) Respondents oppose a stay on the grounds that ineffective assistance of post-conviction counsel does not support good cause for a stay, a stay is futile because the unexhausted claims are procedurally barred under Nevada law, and stay is futile as to the exhausted claims because this Court will be unable to consider the new evidence in assessing the exhausted claims upon return to this Court following a stay. (ECF No. 50.) As discussed below, the Court will grant the motion for stay.

## II.   BACKGROUND

In 2016, a jury found Guevara-Pontifes guilty of first-degree kidnapping, battery with intent to commit sexual assault, and sexual assault, in the Second

Judicial District Court for Washoe County, Nevada. (ECF No. 30-4.) The state district court sentenced Guevara-Pontifes to an aggregate sentence of 18 years to life imprisonment. (ECF No. 30-18.) Guevara-Pontifes appealed, and the Nevada Court of Appeals affirmed the judgment on May 4, 2017. (ECF No. 31-10.) In September 2020, the Nevada Supreme Court affirmed the denial of Guevara-Pontifes's initial post-conviction petition. (ECF No. 33-18.)

## III.   APPLICABLE LEGAL PRINCIPLES

### A.   Exhaustion and Procedural Default

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity" as it gives the States "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995) (relying on *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

"Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples,* 489 U.S. 346, 351 (1989)). Thus, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan,* 740 F.3d 1302, 1317 (9th Cir. 2014). In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman,* 501

1   U.S. at 731–32.

2   Where a procedural default constitutes an adequate and independent state
3   ground for denial of habeas corpus, the default may be excused only if "a
4   constitutional violation has probably resulted in the conviction of one who is
5   actually innocent," or if the prisoner demonstrates cause for the default and
6   prejudice resulting from it. *Murray v. Carrier,* 477 U.S. 478, 496 (1986). To
7   demonstrate cause, the petitioner must establish that "some objective factor
8   external to the defense impeded counsel's efforts to comply with the State's
9   procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hiivala v. Wood*,
10  195 F.3d. 1098, 1105 (9th Cir. 1999). "[T]o establish prejudice, [a petitioner] must
11  show not merely a substantial federal claim, such that 'the errors . . . at trial
12  created a possibility of prejudice,' but rather that the constitutional violation
13  'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct.
14  1718, 1734–35 (2022) (citing *Carrier*, 477 U.S. at 494 and quoting *United States*
15  *v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis in original).

16  In *Martinez v. Ryan,* the Supreme Court ruled that ineffective assistance of
17  post-conviction counsel may serve as cause with respect to a claim of ineffective
18  assistance of trial counsel for purpose of overcoming the procedural default of a
19  claim. The Court in *Martinez* stated:

20  > Where, under state law, claims of ineffective assistance of trial
21  > counsel must be raised in an initial-review collateral proceeding, a
    > procedural default will not bar a federal habeas court from hearing a
22  > substantial claim of ineffective assistance at trial if, in the initial-
    > review collateral proceeding, there was no counsel or counsel in that
23  > proceeding was ineffective.

24  566 U.S. 1, 17 (2012); *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

25  **B.    Stay and Abeyance**

26  A district court is authorized to stay an unexhausted petition in "limited
27  circumstances," to allow a petitioner to present unexhausted claims to the state
28  court without losing the right to federal habeas review due to the relevant one-

year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–77 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*").

Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). However, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77).

"This Court has declined to prescribe the strictest possible standard for issuance of a stay." *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* The Ninth Circuit has held that the ineffective assistance of post-conviction counsel can constitute good cause to obtain a stay for purposes of exhausting a claim in state court. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014). However, "[g]ood cause requires more than just a 'bald assertion[;]'" rather, it "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." *Id.*

"[G]ood cause under *Rhines*, when based on [ineffective assistance of counsel], cannot be any more demanding than a showing of cause under *Martinez* to excuse state procedural default." *Dixon v. Baker*, 847 F.3d 714, 721, (9th Cir. 2017) (finding lack of postconviction counsel sufficient good cause for a stay).

The Ninth Circuit has recently ruled that a district court is required to consider whether post-conviction counsel's alleged ineffectiveness provided a reasonable excuse, supported by sufficient evidence, to justify petitioner's failure to exhaust claims. *Bolin v. Baker*, 994 F.3d 1154 (9th Cir. 2021).

## IV.  DISCUSSION

Ground 2 of the petition alleges claims of ineffective assistance of trial counsel. (ECF No. 18 at 17–33.) Guevara-Pontifes admits that he failed to exhaust Ground 2(A) (failure to object to erroneous jury instructions on kidnapping) and Ground 2(C) (failure to object to the victim's translation of her text and telephone conversations with Guevara-Pontifes). (*Id.*)

The Court finds Guevara-Pontifes has established good cause for his failure to exhaust Ground 2(A). Ground 2(A) alleges trial counsel was ineffective in failing to object to a jury instruction on kidnapping and request an instruction on the requirements for kidnapping incident to sexual assault. (ECF No. 18 at 18–19.) Guevara-Pontifes alleges there is good cause for a stay because his post-conviction counsel was ineffective in failing to raise that claim. (ECF No. 44 at 4–6.) Respondents do not oppose that contention. (ECF No. 50.) Guevara-Pontifes's showing of good cause is not "a bare allegation" of state post-conviction ineffective assistance; rather, it is a reasonable excuse for failing to exhaust the claim and the existing state court record demonstrates that postconviction counsel did not raise the claim. *Blake*, 745 F.3d at 983.

Guevara-Pontifes has also established that Ground 2(A) is not plainly meritless. *Dixon*, 847 F.3d at 722 (Petitioner must show at least one of his unexhausted claims is not "plainly meritless."). "In determining whether a claim

is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). In the absence of any contention to the contrary by Respondents, the Court cannot say whether or not "it is perfectly clear that [Guevara-Pontifes] has no hope of prevailing" on the merits of Ground 2(A). Moreover, it appears that the resolution of the claim requires a fact-based determination based on the record of the trial evidence.

There is also no indication Guevara-Pontifes has "intentionally engaged in dilatory litigation tactics." *Wooten*, 540 F.3d at 1023 (citing *Rhines*, 544 U.S. at 278); *see also Rosales v. Byrne*, No. 16-cv-00003, 2019 WL 1177967, at *3 (D. Nev. Mar. 11, 2019) ("While it perhaps is not inconceivable that a noncapital habeas petitioner might engage in intentionally dilatory tactics, the relevance of this factor, as a practical matter, largely is restricted to capital cases.").

Respondents concede that a petitioner may rely upon the ineffective assistance of post-conviction counsel as good cause for a stay. (ECF No. 50 at 3). Respondents contend the recent Supreme Court opinions in *Ramirez* and *Shoop v. Twyford*,142 S. Ct. 2037, 2045–46 (2022), "undermine without overruling the principle in *Blake* that ineffective assistance of post-conviction counsel can serve as cause to support a *Rhines* stay." (*Id.* at n.1).

In *Ramirez,* the Supreme Court held that in adjudicating a *Martinez* claim for purposes of overcoming the procedural default of a habeas claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state post-conviction counsel" unless the petitioner satisfies the stringent requirements of 28 U.S.C. § 2254(e)(2). 142 S. Ct. 1718, 1734 (2022). "[B]ecause there is no constitutional right to counsel in state post-conviction proceedings . . . a prisoner ordinarily must 'bea[r] responsibility' for all attorney errors during

those proceedings . . ." *Id.* (quoting *Williams v. Taylor,* 529 U.S. 420, 432 (2000)) (internal citations omitted). "Among those errors," the Court explained, "a state prisoner is responsible for counsel's negligent failure to develop the state post-conviction record." *Id.* In such cases, a federal court may order an evidentiary hearing or otherwise expand the state-court record *only if* the prisoner can satisfy the requirements of § 2254(e)(2). *Id.* (emphasis added.)

In *Shoop*, the Supreme Court held that a federal transportation order was not "necessary or appropriate in aid of" the District Court's jurisdiction under the All Writs Act where the petitioner failed to show that the evidence that he hoped to find would be useful or admissible in the federal habeas case. 142 S. Ct. at 2042–43, 2045 ("[A] writ seeking new evidence would not be 'necessary or appropriate in aid of' a federal habeas court's jurisdiction, as all orders issued under the All Writs Act must be, if it enables a prisoner to fish for unusual evidence, in the hope that it might undermine his conviction in some way.").

Based on *Ramirez* and *Shoop*, Respondents may be correct in their assertion that Guevara-Pontifes is unable to rely upon postconviction counsel's ineffective assistance in failing to develop the state court record for purposes of establishing good cause for a stay to return to state court to present additional documents to support his exhausted claims in Grounds 2(B), 2(D), and 2(E).[1] (ECF No. 44 at 2.) The Court, however, need not reach a determination whether Guevara-Pontifes may or may not, return to state court to present new evidence in support of his claims or whether this Court will entertain such new evidence upon return to this Court following the stay. Neither *Ramirez* nor *Shoop* concern the good cause requirements for a *Rhines* stay nor do they foreclose a petitioner

---

[1] In the petition, Guevara-Pontifes asserts that he exhausted Ground 2(B) (failure to object to the State expert's testimony), Ground 2(D) (failure to object to the motion to suppress Guevara-Pontifes's statement to police), and Ground 2(E) (failure to object to prosecutorial misconduct) in his state post-conviction proceedings. (ECF No. 18 at 17–33.)

from demonstrating good cause for a stay based on post-conviction counsel's failure to raise an unexhausted claim in state court. As discussed, Guevara-Pontifes has met the good cause standard for a stay for purposes of returning to state court to pursue at least one of his unexhausted claims. Therefore, the Court does not consider whether Guevara-Pontifes meets the *Rhines* standard for a stay as to the other claims that he wishes to pursue in state court during a stay. *See Archanian v. Gittere*, No. 19-cv-00177, 2019 WL 6499113, at *2 (D. Nev. Dec. 3, 2019). ("If a [*Rhines*] stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims.").

Respondents contend that a stay for purposes of returning to state court is an exercise in futility and a waste of state judicial resources as several procedural bars will prohibit review of the merits of the unexhausted claims. (ECF No. 50 at 4, n.2); *see also* Nev. Rev. Stat. §§ 34.726(1), 34.810(1)(b)(2). As such, Respondents contend a stay will not provide the state courts with a fair opportunity to consider the merits of the unexhausted claims. (*Id.*).

Guevara-Pontifes admits that his only basis for cause to overcome a procedural default of his unexhausted claims is his reliance upon ineffective assistance of trial and post-conviction counsel under *Martinez*. Although *Martinez* presents a path to overcome a procedural default in federal courts, the Nevada Supreme Court has expressly declined to follow the *Martinez* exception to excuse state procedural bars. *See Brown v. McDaniel*, 130 Nev. 565, 569–76 (2014). Thus, Grounds 2(A) and 2(C) are concededly technically exhausted and procedurally defaulted and it would appear futile to return to state court to exhaust them. Aside from *Martinez*, Nevada's cause-and-prejudice standards are substantially similar to federal standards such that nearly any argument a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. Guevara-Pontifes,however, asserts that if the stay is granted, he can argue to the Nevada Supreme Court,

that in light of the Supreme Court's decision in *Ramirez*, it should overrule *Brown* and permit the use of the principles set forth in *Martinez* for purposes of overcoming state procedural bars. (ECF No. 52 at 4–5.)

Although the Court agrees that Guevara-Pontifes's return to state court is unlikely to result in a determination of the merits of his claims due to the state procedural bars, Guevara-Pontifes has met the requirements for a stay as to at least one of his unexhausted claims in accordance with *Rhines*, *Blake*, and *Bolin*. Accordingly, the motion for stay will be granted.

**IT IS THEREFORE ORDERED** that Guevara-Pontifes's Motion for a Stay and Abeyance **(ECF No. 44) is GRANTED**.

**IT IS FURTHER ORDERED** that this action is stayed pending exhaustion of the unexhausted grounds in the First Amended Petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon Guevara-Pontifes litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen this action within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss **(ECF No. 25) is DENIED WITHOUT PREJUDICE** to the reassertion of any and all defenses then applicable following the stay.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 23rd day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE