UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDON GUEVARA-PONTIFES,<br><br>      Petitioner,<br>v.<br>RENEE BAKER, et al.,<br><br>      Respondents. | Case No. 3:20-cv-00652-ART-CSD<br><br>ORDER GRANTING, IN PART,<br>AND DENYING, IN PART,<br>MOTION TO DISMISS<br><br>[ECF No. 70] |

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Brandon Guevara-Pontifes's First-Amended Petition. (ECF No. 70.) Guevara-Pontifes opposed the motion, and Respondents replied. (ECF Nos. 75, 78.) For the reasons stated below, the Court grants the motion, in part, and denies the motion, in part.

**I. BACKGROUND**

At Guevara-Pontifes's trial, the State presented evidence that "Guevara-Pontifes dragged the victim by her hair to his vehicle, drove her to his apartment, forced her to have sex, and bit her," while "Guevara-Pontifes countered that the victim consented to these activities." (ECF No. 31-10.) The jury found Guevara-Pontifes guilty of first-degree kidnapping, battery with intent to commit sexual assault, and sexual assault. (ECF No. 30-4.) The state court sentenced Guevara-Pontifes to an aggregate sentence of 18 years to life. (ECF No. 30-18.) Guevara-Pontifes appealed, and the Nevada Court of Appeals affirmed on May 4, 2017. (ECF No. 31-10.) Guevara-Pontifes sought post-conviction relief, the state court denied Guevara-Pontifes's post-conviction petition, Guevara-Pontifes appealed, and the Nevada Supreme Court affirmed on September 18, 2020. (ECF Nos. 31-17, 32-12, 32-14, 33-18.)

Guevara-Pontifes initiated this federal habeas action on November 23,

2020. (ECF No. 1.) This Court appointed counsel for Guevara-Pontifes, and counsel filed a First-Amended Petition. (ECF Nos. 13, 18.) Respondents moved to dismiss the First-Amended Petition, and Guevara-Pontifes moved for a stay, explaining that he desired to return to state court to exhaust grounds 2a and 2c. (ECF Nos. 25, 44.) On September 23, 2022, this Court denied the motion to dismiss without prejudice and granted the motion for stay. (ECF No. 53.)

On October 13, 2022, Guevara-Pontifes filed his second state petition for post-conviction relief. (ECF No. 56-1.) The state court denied Guevara-Pontifes's petition. (ECF No. 56-2.) Guevara-Pontifes appealed, and the Nevada Supreme Court affirmed on May 15, 2024. (ECF No. 56-6.)

On July 25, 2024, Guevara-Pontifes moved to reopen this case. (ECF No. 55.) This Court reopened this matter and instructed Respondents to file their answer to the First-Amended Petition. (ECF No. 57.) Respondents moved for a more definite statement regarding exhaustion, arguing that Guevara-Pontifes failed to update how his return to state court affected the statements of exhaustion for his claims in his First-Amended Petition. (ECF No. 63.) Guevara-Pontifes responded, asserting that he was not required to provide a statement of exhaustion but providing such statement to "move his litigation forward without delay." (ECF No. 65.) Given Guevara-Pontifes's compliance with Respondents' request, this Court granted Respondents' motion and instructed Respondents to file their answer. (ECF No. 67.) Respondents filed their instant moved to dismiss, arguing that Guevara-Pontifes's First-Amended Petition is unexhausted and/or procedurally defaulted. (ECF No. 70.) Guevara-Pontifes responded, and Respondents replied. (ECF Nos. 75, 78.)

In his First-Amended Petition, Guevara-Pontifes raises the following grounds for relief:

1. The prosecutor engaged in repeated misconduct.
2a. His trial counsel failed to object to erroneous jury instructions on kidnapping.

2

      2b.    His trial counsel failed to object to the prosecution's expert's testimony.
      2c.    His trial counsel failed to object to the victim translating her communications with him.
      2d.    His trial counsel failed to file a motion to suppress his statement to the police.
      2e.    His trial counsel did not object to instances of prosecutorial misconduct.
      3.    His statement to the police was not voluntary.
      4.    His waiver of his *Miranda* rights was not knowing, voluntary, and intelligent.
      5.    The admission of the prosecution's expert witness's testimony violated his due process rights.
      6.    His excessive sentence is cruel and unusual.
      7.    The evidence was insufficient to support his convictions.
      8.    His appellate counsel was ineffective.

(ECF No. 18.)

## II. DISCUSSION

Respondents argue that (1) every ground in the First-Amended Petition is unexhausted in whole or in part, and (2) grounds 2a and 2c are procedurally defaulted. (ECF No. 70.) The Court will address these arguments in turn.

    **A.**    **Exhaustion**

          **1.**    **Exhaustion Legal Standard**

A state prisoner first must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")). A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to

3

1  hear an issue when the petitioner has presented the state court with the issue's
2  factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999);
3  *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair
4  presentation additionally requires a petitioner to present the substance of his
5  claim to the state courts, including a reference to a federal constitutional
6  guarantee and a statement of facts that entitle the petitioner to relief."). A
7  petitioner may reformulate his claims so long as the substance of his argument
8  remains the same. *Picard*, 404 U.S. at 277–78.

### 2.  Ground 1

In ground 1, Guevara-Pontifes alleges that the prosecution engaged in repeated misconduct, violating his rights under the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 18 at 10.) Respondents argue that ground 1 is unexhausted in part because (1) on direct appeal, Guevara-Pontifes based his prosecutorial misconduct claim on the Fifth and Fourteenth Amendments, not the Sixth Amendment, and (2) Guevara-Pontifes failed to assert several factual allegations in his opening brief that he now raises, including the attempted use of a video of Guevara-Pontifes in jail attire and an argument about facts in the case. (ECF No. 70 at 7–8.) Guevara-Pontifes did not address Respondents' first argument in his opposition to the motion to dismiss and rebutted that ground 1 only includes minor factual additions that do not fundamentally alter the claim. (ECF No. 75 at 5–6.)

Given that Guevara-Pontifes has not opposed Respondents' first argument, the Court finds that ground 1 is unexhausted to the extent it is based on the Sixth Amendment. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). And because Respondents appear to abandon their second argument—indeed, in their reply brief they concede that exhaustion is not an issue due to Guevara-Pontifes's affirmance that ground 1 does "not assert a

4

new instance of alleged misconduct that provides a basis for relief and merely support the misconduct claims in the state court" (ECF No. 78)—this Court need not address it.

### 3. Grounds 2d and 2e

In ground 2d and 2e, Guevara-Pontifes alleges, respectively, that his trial counsel failed to file a motion to suppress his statement to the police and did not object to instances of prosecutorial misconduct. (ECF No. 18 at 28–33.) Respondents argue that these grounds are unexhausted, in part, because Guevara-Pontifes incorporated grounds 3 and 4 into ground 2d and incorporated ground 1 into ground 2e. (ECF No. 70 at 8.) Respondents argue that this Court should preclude this incorporation and decide grounds 2d and 2e on the record presented to the state court when the state court addressed these grounds on the merits. (*Id.* at 9.)

In his First-Amended Petition, regarding ground 2d, Guevara-Pontifes stated, "[a]s discussed below in Claims Three and Four, which he hereby incorporates, Guevara-Pontifes's waiver of his rights under *Miranda v. Arizona*, 383 U.S. 436 (1996), and his statement to the police were not voluntary," so his trial counsel was ineffective in not "fil[ing] a motion to suppress his statement on these bases." (ECF No. 18 at 28.) And regarding ground 2e, Guevara-Pontifes stated, "[a]s outlined above in Claim One, which Guevara-Pontifes hereby incorporates, the prosecutor at Guevara-Pontifes's trial committed pervasive misconduct" which his trial counsel "failed to object to." (*Id.* at 31.) Guevara-Pontifes argues that grounds 2d and 2e are exhausted, explaining that the incorporation of other grounds is inconsequential given that grounds 2d, 3, and 4 "are based on the same facts" and grounds 2d and 1 "rel[y] on the same facts." (ECF No. 75 at 7, 9.) Because the legal theories behind grounds 2d and 2e remain the same—*i.e.*, his trial counsel was ineffective in violation of *Strickland*—and the factual bases of these grounds are not altered by the incorporation of claims that

are based on the same set of facts, the Court finds that grounds 2d and 2e are exhausted. However, to alleviate Respondents' concerns, the Court confirms that review of grounds 2d and 2e will be in accordance with *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

### 4. Grounds 3 and 4

In ground 3, Guevara-Pontifes alleges that his statement to the police was not voluntary in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 18 at 33.) And in ground 4, Guevara-Pontifes alleges that his waiver of his *Miranda* rights was not knowing, voluntary, and intelligent in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (*Id.* at 35.) Respondents argue that Guevara-Pontifes presented these claims to the state courts as violations of only his Fifth and Fourteenth Amendment rights, not his Sixth Amendment rights. (ECF No. 70 at 9.) Respondents also argue that Guevara-Pontifes asserts several additional facts in his First-Amended Petition that he did not allege before the state courts. (*Id.*)

Like with ground 1, Guevara-Pontifes has not opposed Respondents' first argument regarding the Sixth Amendment, so the Court finds that grounds 3 and 4 are unexhausted to the extent they are based on the Sixth Amendment. *See* LR 7-2(d). Turning to Respondents' latter argument, the Court finds that any facts added to these grounds, as compared to their presentation to the state courts, do not fundamentally alter these grounds. In fact, Respondents' contention that these additional facts "appear to be raised solely to inflame the passions of the Court" supports a finding that these facts are extraneous.

### 5. Ground 5

In ground 5, Guevara-Pontifes alleges that the admission of the prosecution's expert witness's testimony violated his due process rights because her testimony invaded the province of the jury and was not based on a full review

6

of relevant evidence. (ECF No. 18 at 38.) Respondents contend that his ground is unexhausted, in part, because Guevara-Pontifes incorporated the legal and factual allegations from ground 2b into ground 5. (ECF No. 70 at 10–11.) Respondents also contend that ground 5 contains new factual allegations that he did not present to the state courts. (*Id.* at 11.)

Regarding Respondents' first argument, Guevara-Pontifes rebuts that "the facts of Ground Two (B) and Ground Five are identical" so the incorporation of ground 2b into ground 5 does not make ground 5 unexhausted. (ECF No. 75 at 11.) Because Guevara-Pontifes has confirmed that only the facts of ground 2b and not the legal basis of ground 2b—the ineffective assistance of his trial counsel—is incorporated into ground 5 and because the facts of ground 2b and 5 are otherwise identical, the Court rejects Respondents' first argument.

Regarding Respondents' second argument, Guevara-Pontifes argues that any additional facts do not fundamentally alter the claim. (ECF No. 75 at 12.) Respondents take issue with the following facts: (1) the prosecution informed the trial court that the expert "would not testify regarding her opinion whether the victim, Yari, is telling the truth or lying. That determination is clearly within the province of the jury," and (2) the prosecutor stated, "the state wants to elicit testimony explaining how victims of traumatic experiences, including sexual assault, can change their feelings and perceptions over time based on the familiar relationship with the alleged assailant." (ECF No. 70 at 11.) The Court does not find that these facts fundamentally alter ground 5. In fact, these are merely background facts that do not touch upon the expert's actual testimony. Ground 5 is exhausted.

### 6. Ground 6

In ground 6, Guevara-Pontifes alleges that his excessive sentence violates the Eighth and Fourteenth Amendments' protection against cruel and unusual punishment. (ECF No. 18 at 41.) Respondents contend that ground 6 is

7

unexhausted, in part, because Guevara-Pontifes did not include the following arguments to the state court: (1) his trial counsel asked the trial court to run his sentences concurrently because the counts all related to incidents that occurred on one night; (2) the prosecution asked the trial court for an aggregate sentence of 15 years at the bottom end, thus agreeing with the sentencing recommendation contained in the presentence investigation report while the trial court's sentences for each count and aggregate total exceeded resulted in an aggregate of 18 years to life; and (3) the sentences did not reflect evidence of Guevara-Pontifes's youth and lack of criminal history, as well as his broad-based community support. (*Id.*) These arguments were made in support of Guevara-Pontifes's overarching argument that his sentence violated the Eighth Amendment. They do not change the substance of that overarching argument. As such, the Court finds that ground 6 was fairly presented to the state court and is exhausted.

### 7. Ground 7

In ground 7, Guevara-Pontifes alleges that the evidence was insufficient to support his convictions, violating his right to due process under the Fifth and Fourteenth Amendments. (ECF No. 18 at 42.) Respondents contend that (1) ground 7 is unexhausted to the extent it is based on the Fifth Amendment, (2) Guevara-Pontifes asserts new facts that he did not present to the state court, including the prosecutor's arguments and portions of the victim's testimony, and (3) Guevara-Pontifes incorporated "the history of the case section" of his First-Amended Petition into ground 7. (ECF No. 70 at 12–13.)

Guevara-Pontifes has not opposed Respondents' first argument regarding the Fifth Amendment, so the Court finds that ground 7 is unexhausted to the extent that it is based on the Fifth Amendment. *See* LR 7-2(d). However, the Court rejects Respondents other two arguments. Respondents interpret AEDPA's exhaustion requirements too narrowly. Guevara-Pontifes clearly presented an insufficiency-of-the-evidence claim in his direct appeal (*see* ECF No. 31-1 at 42–

46), and his highlighting of various arguments and facts from the record in his First-Amended Petition to support his instant insufficiency-of-the-evidence claim is appropriate and expected. Ground 7 is exhausted.

### 8. Ground 8

In ground 8, Guevara-Pontifes alleges that he was denied his right under the Sixth and Fourteenth Amendments to the effective assistance of appellate counsel. (ECF No. 18 at 45–48.) Respondents argue that ground 8 is unexhausted. (ECF No. 70 at 14.) In ground 2 of his first state habeas petition, Guevara-Pontifes alleged that his direct appeal counsel was ineffective. (ECF No. 31-17 at 7, 11.) In his appeal of the denial of his first state habeas petition, Guevara-Pontifes argued that "[t]he District Court erred in dismissing . . . all of ground two . . . finding that he failed to support his claims that his 5th, 6th and 14th amendment rights to the effective assistance of . . . appellate counsel were violated when his appellate counsel failed to raise certain issues on appeal." (ECF No. 33-12 at 23.) Although Guevara-Pontifes did not include much factual detail in his appellate brief, he clearly alerted the Nevada appellate courts to the presence of his ineffective-assistance-of-appellate-counsel claim and accurately cited *Strickland*. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."). Ground 8 is exhausted.

### B. Procedural Default

Respondents argue that grounds 2a and 2c are procedurally defaulted. (ECF No. 70 at 15.) Guevara-Pontifes acknowledges that grounds 2a and 2c are procedurally defaulted, but he argues that he can demonstrate cause and prejudice under *Martinez v. Ryan* to overcome the procedural defaults. (ECF No. 75 at 15.) In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may

9

be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). Because the analyses of cause and prejudice to overcome the procedural defaults of grounds 2a and 2c are necessarily intertwined with their merits, the Court defers a determination of whether Guevara-Pontifes can overcome these procedural defaults until the time of merits review.

## III.     CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 70) is granted, in part, as follows: (1) grounds 1, 3, and 4 are dismissed to the extent they are based on the Sixth Amendment, (2) ground 7 is dismissed to the extent it is based on the Fifth Amendment, and (3) consideration of cause and prejudice under *Martinez* to overcome the procedural defaults of grounds 2a and 2c is deferred until merits review.

It is further ordered that Respondents file their answer to the First-Amended Petition within 60 days of the date of this Order. Guevara-Pontifes will then have 30 days to file his reply.

DATED THIS 7th day of November, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

10